UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN W. THERRIEN, | : | |
|     Plaintiff, | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:10-cv-217 (VLB) |
| | : | |
| P. HUBAND, et al., | : | |
|     Defendants. | : | June 2, 2010 |

### RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [Doc. #10]

The plaintiff seeks an order requiring doctors at MacDougall Correctional Institution to conduct tests to determine whether he has x-ray related brain tumors or cancer. For the reasons that follow, the plaintiff's motion is DENIED.

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (emphasis, internal quotation marks and citation omitted). Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. Id.; see also Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through

preliminary injunction was unrelated and contrary to injury which gave rise to complaint).

In addition, "[a] party seeking preliminary injunctive relief must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, and (2) a likelihood of irreparable harm if the requested relief is denied." Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 152-53 (2d Cir. 2007). If a party seeks a mandatory injunction, *i.e.*, an injunction that alters the status quo by commanding the defendant to perform a positive act, he must meet a higher standard. "[I]n addition to demonstrating irreparable harm, '[t]he moving party must make a clear or substantial showing of a likelihood of success' on the merits, . . . a standard especially appropriate when a preliminary injunction is sought against government." D.D. ex rel. V.D. v. New York City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006) (citations omitted).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. See Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations, 107 F.3d 979, 984 (2d Cir.1997). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., *Moore's Federal Practice* ¶

65.04[3] (2d ed. 1995).  Upon review of the record, the Court determines that oral testimony and argument are not necessary in this case.

The sole surviving claim in this action concerns allegedly inadequate medical treatment provided to the plaintiff at Cheshire Correctional Institution to treat an ear infection.  In the present motion, the plaintiff alleges that he was treated by a doctor at MacDougall Correctional Institution for a lump on his forehead, monthly headaches and episodes of distorted vision.  He opines that these symptoms were caused by overexposure to higher than necessary levels of x-rays in an attempt to murder him.  The plaintiff disagrees with the doctor's determination that the lump was not a growth on his skull and seeks an order directing medical treatment.  The requested order concerns medical staff at a different correctional facility and seeks treatment for a different injury than the injury which forms the basis of the deliberate indifference claim asserted in the plaintiff's complaint.  As the relief requested in the motion is unrelated to the issues in this case, preliminary injunctive relief is not warranted.

Accordingly, the plaintiff's motion for preliminary injunction [Doc. #10] is DENIED.

                                  IT IS SO ORDERED.

                                  /s/
                              Vanessa L. Bryant
                              United States District Judge

Dated at Hartford, Connecticut:  June 2, 2010.