UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| STEVEN W. THERRIEN, | : | |
| Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:10-cv-217 (VLB) |
| | : | |
| P. HUSBAND, et al., | : | |
| Defendants. | : | February 7, 2011 |

## RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. #44]

On April 26, 2010, the Court dismissed all claims in the plaintiff's complaint except the claim for deliberate indifference to serious medical needs asserted against defendants Husband, Estrom[1] and Ruiz. On September 8, 2010, the plaintiff filed an amended complaint including these deliberate indifference claims and adding a separate claim for deliberate indifference to serious medical needs against Dr. Naqvi. The defendants have moved to dismiss the amended complaint. For the reasons that follow, the defendants' motion is granted.

### I. Standard of Review

When considering a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003). The Court considers not whether the plaintiff ultimately will prevail, but whether

---

[1] The plaintiff named this defendant as Sharon. The defendants state that Sharon's correct name is Sheryl Estrom. She will be referred to as defendant Estrom in this ruling.

he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim.  See York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.), cert. denied, 537 U.S. 1089 (2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted).  In evaluating this plausibility standard, the Court liberally construes pro se complaints.  See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

## II.  Facts[2]

On October 15, 2009, the plaintiff told defendant Husband that he had an inner ear infection and needed emergency medical treatment.  Defendant Husband told the plaintiff to submit a sick call request.  Defendant Husband saw

---

[2] The facts are taken from the amended complaint and attached documents.  Because the Court has not converted this motion to dismiss into a motion for summary judgment, the Court does not consider any documents attached to the defendants' motion to dismiss that are not attached to the amended complaint.

the plaintiff at sick call on October 17, 2009. He showed her four Q-tips soaked with what the plaintiff claimed was "infectious inner ear discharge." The plaintiff told defendant Husband that he experienced no pain and did not have an elevated temperature. Defendant Husband told the plaintiff that the Q-tips contained wax discharge and threw the Q-tips away.

Over the next few days, the plaintiff showed various correctional staff, who are not defendants in this case, squares of toilet paper soaked with further discharge. The plaintiff alleges that these individuals, none of whom are medical personnel, concluded that he had a life-threatening ear infection and contacted the medical department. There are no records of any calls in the plaintiff's medical records.

On October 21, 2009, Nurse Giena told the plaintiff that she would contact the emergency stand-by doctor. The plaintiff alleges that defendant Estrom prevented Nurse Giena from making the call. On October 22, 2009, defendant Dr. Ruiz examined the plaintiff. Dr. Ruiz diagnosed an outer ear infection and prescribed antibiotics and ear drops. Dr. Ruiz later re-evaluated the plaintiff's condition in response to a medical grievance. There was no sign of infection.

On May 2, 2010, defendant Dr. Naqvi examined a lump on the plaintiff's head. Dr. Naqvi diagnosed the lump as a cyst and determined that no further treatment was required. The plaintiff believes that the lump is a sign of brain or bone cancer or a brain tumor caused by x-ray exposure.

III. Discussion

The defendants move to dismiss the amended complaint on two grounds: first, the plaintiff fails to allege sufficient facts to state a claim for deliberate indifference to a serious medical need; and second, they are protected by qualified immunity.

Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state such a claim, the plaintiff must allege facts demonstrating sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. Id. at 104-06.

Because mere negligence will not support a Section 1983 claim, not all lapses in prison medical care constitute a constitutional violation. Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003). In addition, inmates are not entitled to the medical treatment of their choice. See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986). Mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment. "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998). The conduct complained of must "shock the conscience" or constitute a "barbarous act." McCloud v.

Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988).

There are both subjective and objective components to the deliberate indifference standard. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995). Objectively, the alleged deprivation must be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration or extreme pain. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006).

The Second Circuit has identified several factors that are highly relevant to the inquiry into the seriousness of a medical condition. For example, a medical condition significantly affecting the inmate's daily activities or causing chronic and significant pain or the existence of an injury a reasonable doctor would find important constitutes a serious medical need. See Chance v. Armstrong, 143 F.3d 698, 702 (2d. Cir. 1998). In addition, where the denial of treatment causes the plaintiff to suffer a permanent loss or life-long handicap, the medical need is considered serious. See Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000).

Cases addressing whether an ear infection is a serious medical need are fact-specific. Compare Hardy v. City of New York, 732 F. Supp. 2d 112 (E.D.N.Y. 2010) (ear infection resulting in "excruciating pain," swelling, drainage and difficulty walking satisfied requirements for serious medical need); Duffield v.

Jackson, No. CIV-07-90-R, 2007 WL 4210863, at *13 (W.D. Okla. Nov. 27, 2007) (assuming that the plaintiff's ear infection and ear pain was a sufficiently serious condition under the Eighth Amendment); Golden v. Berge, No. 03-C-0403, 2003 WL 23221483, at *6 (W.D. Wis. Sept. 25, 2003) (finding that plaintiff's allegation that he suffered severe pain in his ear as a result of an ear infection was sufficient to suggest that he had a serious medical need) with Feazell v. Augusta County Jail, 401 F. Supp. 405, 407 (D. Va. 1975) (allegation of ear infection, without more, found not to constitute a serious medical need for constitutional purposes). The cases suggest that an ear infection without any associated pain may not rise to the level of a serious medical need.

Even if, however, the Court assumes that the plaintiff's ear infection was a serious medical need, he fails to establish deliberate indifference on the part of defendants Husband, Estrom and Ruiz.

### A. Defendants Husband, Estrom and Ruiz

The plaintiff alleges that defendant Husband disagreed with his diagnosis of an inner ear infection, determined that the discharge on the Q-tips he showed her was wax, threw away the Q-tips and put him on the list to see the doctor. The medical records attached to the amended complaint indicate that the plaintiff denied experiencing any pain. Defendant Husband observed no signs of fever, no redness or swelling and no other signs or symptoms of infection. Although she denied his request to be seen immediately by the doctor, the medical records confirm that defendant Husband placed the plaintiff on the M.D. sick call list.

The plaintiff alleges that defendant Estrom prevented Nurse Giena from contacting the on-call doctor on October 21, 2009. He was examined by defendant Dr. Ruiz the following day. Defendant Ruiz diagnosed the plaintiff as suffering from a outer ear infection and prescribed antibiotics.

The plaintiff's claims against defendant Ruiz focuses on his disagreement with the diagnosis and chosen course of treatment. His claims against defendants Husband and Estrom center on their refusal to accede to his demand to be seen immediately by a prison doctor.

Mere disagreement by a prison inmate with a prescribed course of treatment does not provide a basis to find a violation of the inmate's Eighth Amendment rights. See Estelle, 429 U.S. at 105-06; Chance, 143 F.3d at 703. Determinations made by medical providers within their discretion are given a "presumption of correctness" when it concerns the care and safety of patients. See Perez v. County of Westchester, 83 F. Supp. 2d 435, 440 (S.D.N.Y. 2000) (citing Kulak v. City of New York, 88 F.3d 63, 77 (2d Cir. 1996)); see also Church v. Hegstrom, 416 F.2d 449, 450-51 (2d Cir.1969) (noting that medical professionals have wide discretion in treating prisoners, and Section 1983 was not designed to permit the federal courts to sit as the final arbiter of the ordinary medical practices of state prisons). The plaintiff acknowledges in his amended complaint that his infection resolved. See Doc. #29, ¶ 8. The fact that the plaintiff, who has no medical training, wanted a different treatment does not cause the defendants' conduct to rise to the level of a constitutional violation.

As for the plaintiff's claim that he should have been permitted to see a doctor at his request, the Eighth Amendment does not guarantee a prison inmate access on demand to a prison physician.  See Mendoza v. McGinnis, Civil Action No. 9:05-CV-1124(TJM/DEP), 2008 WL 4239760, at *11 (N.D.N.Y. Sept. 11, 2008).  In addition, the plaintiff fails to allege facts showing that he suffered from a life-threatening condition.  See Summerville v. Faciuna, No. 05-CV-6459, 2009 WL 2426021, at *7 (W.D.N.Y. Aug. 6, 2009) ("Generally, in cases involving delayed care, the Second Circuit has reserved a finding of deliberate indifference for extreme cases, such as:  ignoring a life-threatening and fast-degenerating condition for three days; delaying care as a form of punishment; or delaying major surgery for over two years.") (internal citations omitted).

Here, the plaintiff was seen first by defendant Husband who, although his condition was not considered an emergency, placed the plaintiff on the list to see a doctor.  Defendant Estrom refused to permit an emergency call on October 21, 2009, but the plaintiff was seen by Dr. Ruiz the next day, at which time defendant Ruiz made a diagnosis and prescribed antibiotics and ear drops.  A re-evaluation in response to the plaintiff's medical grievance revealed no signs of infection.  The plaintiff conceded in his amended complaint that the condition has resolved.  Although he does not agree with his treatment, he has alleged no facts suggesting that these defendants were deliberately indifferent to his medical needs.  The defendants' motion to dismiss is granted as to the claims against defendants Husband, Estrom and Ruiz.

## B. Defendant Naqvi

The plaintiff's claim against defendant Naqvi arises from a different medical condition. Dr. Naqvi examined the plaintiff in response to the plaintiff's concerns about a lump on his head. Dr. Naqvi determined that the lump was a cyst and that no further treatment was needed. The plaintiff disagrees with the diagnosis and argues that the lump is a brain tumor or a symptom of brain or bone cancer caused by x-rays of his head taken several years ago.

A difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference. See Estelle, 429 U.S. at 105-06; Chance, 143 F.3d at 703. If defendant Naqvi's diagnosis is incorrect, it constitutes at most negligence, which is not cognizable under Section 1983. The defendants' motion to dismiss is granted as to the claims against defendant Naqvi.

## IV. Conclusion

The defendants' motion to dismiss [Doc. #44] is GRANTED. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: February 7, 2011.